ALBERT W. STEVENS *vs.* INHABITANTS OF BOXFORD.

This court cannot decide on a bill of exceptions that riding a safe horse on a dark night, bareback and without martingales, over a familiar road, by a person accustomed to the use of horses and to that horse, and turning out upon meeting a carriage, show such want of ordinary care as to prevent a recovery for an injury sustained by reason of a defective highway.

In an action against a town to recover for a personal injury sustained by the plaintiff, while riding on horseback upon a highway, by going off a bank where there was no railing, the defendants asked the court to instruct the jury that if the plaintiff's horse passed the bank wall in safety, and, while proceeding in the adjoining field, stepped on ice and slipped down and thus injured the plaintiff, he could not recover. The judge gave this instruction, and added that if the horse, by reason of the want of a railing, went over the bank wall, and immediately and while under the same impulse or impetus slipped on ice in the field and fell, thereby injuring the plaintiff, the town would be liable. *Held,* that the defendants had no ground of exception.

TORT to recover for a personal injury sustained by reason of a defective highway.

At the trial in the superior court, before *Morton,* J., the plaintiff introduced evidence tending to prove that he was twenty-seven years old, and had lived in Boxford, at the house of Thomas Sawyer, for eighteen years; that he had always been in the habit of driving horses; that on the evening of February 11th 1863, a horse of Sawyer's got away, and he thereupon mounted a gray colt bareback, and without martingales, to go after him; that the colt was gentle, and he had frequently driven him and ridden him bareback, though not without martingales; and that while going on the road five or six miles an hour, the evening being very dark, he heard a carriage coming, and turned out, and immediately found himself over the bank and injured in his foot. Several witnesses called by the plaintiff testified to the tracks of the horse at and near the place where he went off, and to the condition of the road. The plaintiff and the persons in the carriage were unable to testify precisely where or how the injury occurred.

The defendants asked the court to rule that there was no sufficient evidence of due care on the part of the plaintiff; but the judge declined so to rule. The defendants contended that the injury occurred by reason of the plaintiff's foot coming in

contact with the wheels of the carriage, and that he was thereby thrown upon the road, the horse only going off the bank; and that, if the injury did not occur in that manner, the horse passed safely over the bank, and after that, while proceeding in the adjoining field, stepped on ice and fell and caused the injury. After the conclusion of the charge, the defendants requested the judge further to instruct the jury that "if the horse passed the bank wall in safety, and while proceeding in the adjoining field stepped on ice, slipped down and thus injured the plaintiff, he could not recover." The court gave this instruction, and added, that "if the horse, by reason of the want of a railing, went over the bank wall, and immediately and while under the same impulse or impetus slipped on ice in the field and fell, thereby injuring the plaintiff, the town would be liable."

The jury returned a verdict for the plaintiff, with $1250 damages; and the defendants alleged exceptions.

*S. B. Ives, Jr.,* for the defendants.

*J. B. Lord,* for the plaintiff, was not called upon.

CHAPMAN, J. The first exception is to the ruling of the presiding judge, that the evidence offered by the plaintiff tending to prove due care on his part was sufficient in law to be submitted to the jury. The court are of opinion that this ruling was correct. The evidence tended to show that he understood how to manage a horse, and that the horse he rode was gentle and safe; and the facts proved as to the darkness of the night, the condition of the road, the turning out for the purpose of passing the carriage which he met, the place where the accident occurred, and the tracks which were seen afterwards, were sufficient to enable a jury of practical men to judge whether he used such reasonable care as the circumstances required, even though he was unable to tell precisely how and where the accident occurred. The court cannot see judicially that the jury erred in finding for the plaintiff on this point.

The only other exception which is insisted on relates to the rulings made by the judge after the defendants had made their request for instructions. These appear to be sufficiently favorable to them. Under them the jury must have found that the

injury to the plaintiff was caused solely by the defect; and if this were so, it could not be essential that they should be able to determine the precise place in the road where it occurred, or the precise manner in which it occurred. And if the horse by reason of the want of a railing went over the bank, and immediately and while under the same impulse or impetus that carried him over slipped on the ice in the field and fell, thereby injuring the plaintiff, this defect must be regarded as the proximate cause of the injury. The case of *Palmer* v. *Andover*, 2 Cush. 600, sustains this view, though the injury was not received within the limits of the highway; and the case of *Sparhawk* v. *Salem*, 1 Allen, 30, where the plaintiff had proceeded a considerable distance before the injury happened, is clearly distinguishable from this case.　　　　　*Exceptions overruled.*